UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MIRANDA WHITAKER PHILLIPS | CIVIL ACTION NO. 08-cv-0182 |
| VERSUS | REFERRED TO: |
| U.S. COMMISSIONER SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Miranda Phillips ("Plaintiff") has a high school education and past experience as a cashier and assembly line worker. She was 47 when she had a hearing before ALJ Leslie John Rodriguez. Plaintiff has a multi-year history of carpal tunnel syndrome symptoms, as well as thoracic outlet syndrome, which is a nerve impingement condition that can cause symptoms in the upper body and arms similar to those caused by carpal tunnel syndrome.

The ALJ analyzed the claim under the five-step sequential analysis. He found at step two that Plaintiff had severe impairments in the form of bilateral carpal tunnel syndrome, history of thoracic outlet syndrome and bilateral tennis elbow. He discussed Listing 1.02 (dysfunction of a joint) and determined that it was not satisfied. He next determined that Plaintiff had the residual functional capacity ("RFC") to perform the demands of light work, reduced by the ability to push/pull with the upper extremities for no more than 3-4 hours during a workday, the ability to perform no more than occasional reaching overhead, the ability to perform no more than occasional fingering, and the ability to perform no more than occasional climbing of ladders.

The ALJ found at step four that Plaintiff could not perform her past relevant work because it required duties such as constant fingering that she could not perform. A vocational expert ("VE") testified that a person with Plaintiff's RFC and other vocational factors could perform the demands of a number of jobs such as photo-counter clerk, boat rental clerk, and surveillance system monitor. The ALJ accepted that testimony and found Plaintiff not disabled.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment.

Plaintiff argues on appeal that the ALJ's step-three analysis is not supported by substantial evidence and that she meets Listing 11.14 (peripheral neuropathies). Plaintiff also argues that the ALJ's determination that Plaintiff has the RFC to do light work (with additional limitations) is not based upon substantial evidence. The substantial evidence standard, which this court must apply, requires such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005).

The court need not address the listing issues because the RFC issue requires reversal and remand. The RFC found that Plaintiff was capable of performing light work, subject to

certain limitations. The regulations define light work as involving lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. A treating specialist stated twice over the course of years of treatment that Plaintiff was limited to lifting no more than 10 pounds and, as discussed below, there was not a sufficient articulation of reasons to discount that evidence.

Dr. Milstead, a board certified hand specialist and Plaintiff's treating physician for several years, began seeing Plaintiff as early as 2001 for complaints of increased pain and soreness in the upper extremities that have been increasing over the last year. Tr. 164. Plaintiff began to show positive signs of carpal tunnel syndrome, but her EMG results were normal at first. See e.g. Tr. 161. Dr. Milstead later testified at a deposition that approximately eight percent of people who have carpal tunnel syndrome do not have positive EMG results initially or, sometimes, ever.

In July 2002, Dr. Milstead allowed Plaintiff to return to work, "but with restrictions of no lifting of over 10 pounds and no use of arms at or above shoulder height because of the thoracic outlet." Tr. 156. Dr. Milstead testified at a deposition in April 2006, in connection with a worker's compensation matter. Tr. 168. He said that he last saw Plaintiff in April 2006. When asked if Plaintiff was capable of working, he answered: "Not any kind of repetitive motion type thing. Just light duty with non-repetitive, non-vibratory type activities." Tr. 171.

Dr. Milstead was asked about a temporary alternative duty slip that he completed in December 2005. He said it contained the typical restrictions he imposed for patients with carpal tunnel syndrome, which included "a restriction of no lifting over ten pounds," with the explanation that lifting restriction was "because more of the thoracic outlet syndrome." He then said that the lifting restriction is not a typical carpal tunnel restriction, but it was imposed because Plaintiff had dual problems. Tr. 192. Plaintiff eventually had surgery and was showing indications of improvement, but the record establishes that she had several years of problems before the surgery.

The maximum lifting restriction of 10 pounds is at odds with the RFC for light work. There was other medical evidence in the record, including a consultative report by Dr. Mohammad Burney, and the ALJ discussed the evidence at length. None of those reports, however, was represented to contain a statement that Plaintiff was capable of lifting more than the 10-pound restriction imposed by the treating specialist. The ALJ noted Dr. Milstead's testimony that Plaintiff could "perform light-duty work with restrictions against repetitive movements" but did not specifically mention the 10-pound lifting restriction. Furthermore, it appears that Dr. Milstead's reference to "light duty" at the deposition was more in the generic sense than an attempt to state Plaintiff's ability under the definitions of various levels of work (e.g., sedentary, light, medium) found in the social security regulations.

The opinions of a treating physician, especially a specialist in the relevant field, who was familiar with the claimant's illnesses and treatments, should be accorded considerable weight. See Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985) and 20 C.F.R. § 404.1527. His opinion is not necessarily conclusive, but it should not be given reduced weight unless good cause is shown for doing so. Id.; Pineda v. Astrue, 289 Fed. Appx. 710, 713 (5th Cir. 2008).

The treating specialist's 10 pound lifting restriction appears to be in conflict with the light work RFC and its requirement of lifting up to 20 pounds. The ALJ, who ultimately must determine the proper weight of such an opinion, did not directly address the lifting restriction and attempt to articulate good cause to disregard it. Perhaps the ALJ read more into the "light work activity" comment from the deposition testimony or simply forgot to directly address the lifting restriction during the lengthy discussion of the relevant medical records and testimony. In any event, the undersigned is not convinced that the current decision, as written, is supported by substantial evidence because of the presence of the treating specialist's uncontradicted lifting restriction that is at odds with the light work RFC. A judgment will be entered reversing the decision and remanding this case for further proceedings before the agency.

On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters, including the Listing arguments raised by Plaintiff. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may

be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of February, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE